# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2020

Lyle W. Cayce
Clerk

No. 19-10840

United States of America,

*Plaintiff—Appellee*,

*versus*

Dewitt Donnell Bailey, also known as "Trash",

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-28-2
USDC No. 5:18-CV-233

Before Dennis, Southwick, and Engelhardt, *Circuit Judges.*
Per Curiam:*

Dewitt Donnell Bailey, federal prisoner # 55530-177, pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iii). The sentencing court imposed a top-of-the-guidelines

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentence of 151 months in prison to be followed by four years of supervised release. Bailey now moves for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 motion in which he argued that he received ineffective assistance of counsel such that his guilty plea was rendered unknowing, unintelligent, and involuntary. Bailey further asserts that the district court erred in denying his § 2255 motion without holding an evidentiary hearing.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Bailey can satisfy this standard by "demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack*, 529 U.S. at 484. Bailey has not met this standard. *See Miller-El*, 537 U.S. at 327.

The motion for a COA is DENIED. Bailey's motion to proceed in forma pauperis (IFP) is, likewise, DENIED. We construe Bailey's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.

COA DENIED; IFP DENIED; AFFIRM